IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | CRIM. NO. 1:11-CR-0200 |
| **v.** : | |
| : | Judge Sylvia H. Rambo |
| **JOHNNY VASQUEZ-ALGARIN** : | |

# M E M O R A N D U M

## I.  Background

On June 8, 2011, Defendant was charged in an indictment, along with his two brothers, with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine hydrochloride (Count 1) and distribution and possession with intent to distribute five kilograms or more of cocaine hydrochloride (Count 2).  (Doc. 1.)  Defendant pleaded not guilty to the charges in October 2013 (Doc. 145) and took the case to trial.

On May 14, 2014, Defendant was found guilty of both counts following a trial by jury.  (Doc. 214.)  The jury found that Defendant distributed and possessed 500 grams or more of cocaine hydrochloride, which invoked a five year mandatory minimum sentence.  Defendant appealed the conviction and sentence to the Third Circuit Court of Appeals, and on May 2, 2016, the Third Circuit vacated the conviction and remanded the case to this court.  On August 17, 2016, Defendant filed a motion to dismiss the indictment for violation of the Speedy Trial Act

because he was not brought to trial within seventy days of the Third Circuit's decision. (Doc. 262.) The Government responded on August 24, 2016 (Doc. 266), and Defendant replied on August 26, 2016 (Doc. 267). Thus, the motion has been fully briefed and is ripe for disposition.

**II.  Discussion**

The Speedy Trial Act mandates the dismissal of an indictment upon a defendant's motion where the defendant is not brought to trial within seventy days. 18 U.S.C. § 3162(a)(2). The court has discretion to dismiss an indictment pursuant to the Speedy Trial Act without prejudice, and in doing so must consider: [1] the seriousness of the offense; [2] the facts and circumstances of the case which led to the dismissal; and [3] the impact of a reprosecution on the administration of this chapter and on the administration of justice." *United States v. Stevenson*, __ F.3d __, 2016 WL 4191134, *3 (3d Cir. Aug. 9, 2016) (quoting 18 U.S.C. § 3162(a)(2)) (alterations in original). The court will consider these factors in turn.

The first factor for the court to consider is the seriousness of the offense. This factor "centers primarily on society's interest in bringing the particular accused to trial." *Id*. at *4 (quoting *United States v. Hastings*, 847 F.2d 920, 925 (1st Cir. 1988)). Thus, "[t]he graver the crimes, the greater the insult to societal interests if the charges are dropped, once and for all, without a meaningful determination of guilt or innocence." *Id*. (alteration in original). Here, Defendant

was both charged and originally convicted of both conspiracy to distribute and possess, and actual distribution and possession of, more than 500 grams of cocaine hydrochloride. The Third Circuit recently held, in line with the United States Supreme Court and several other circuits, that drug charges of this magnitude are serious crimes for purposes of the Speedy Trial Act. *See id*. (citing *United States v. Taylor*, 487 U.S. 326, 338-39 (1988) ("[C]harges of conspiracy to distribute cocaine and possession of 400 grams of cocaine with intent to distribute" are "serious"); then citing *United States v. Williams*, 314 F.3d 552, 559 (11th Cir. 2002) (conspiracy to distribute and possession with intent to distribute cocaine are "extremely serious" offenses under the Speedy Trial Act); then citing *United States v. Moss*, 217 F.3d 426, 431 (6th Cir. 2000) (possession of cocaine with intent to distribute is a serious offense); then citing *United States v. Wright*, 6 F.3d 811, 814 (D.C. Cir. 1993) (same); then citing *United States v. Simmons*, 786 F.2d 479, 485 (2d Cir. 1986) (possession of heroin with intent to distribute is "serious"); and then citing *United States v. Brown*, 770 F.2d 241, 244 (1st Cir. 1985) (distribution and conspiracy to distribute cocaine are "undeniably serious" and "militate in favor of dismissal without prejudice")). Accordingly, the court finds that the first factor weighs in favor of dismissal without prejudice.

Next, the court must consider the facts and circumstances leading to dismissal. Here, there was not any "intentional dilatory conduct" or a "pattern of

neglect on the part of the Government," *id.* (citing *United States v. Cano-Silva*, 402 F.3d 1031, 1036 (10th Cir. 2005), nor does the Government appear to have any "ulterior purposes," or engaged in any bad faith or willful misconduct. *Id.* (citing *United States v. Blevins*, 142 F.3d 223, 226 (5th Cir. 1998); *see also United States v. Becerra*, 435 F.3d 931, 937 (8th Cir. 2006) (bad faith or willful misconduct weigh in favor of dismissal with prejudice). The Government asserts that it was considering whether to take an appeal to the Third Circuit while also engaging in plea negotiations with Defendant's counsel, and the seventy-day period slipped by accidentally. The court finds that the reasons for the delay are relatively innocent and harmless, and thus, the facts and circumstances support a dismissal without prejudice.

Lastly, the court must consider the impact of a reprosecution on the administration of both the Speedy Trial Act and justice. "The main considerations that courts have taken into account when examining this factor are whether the defendant suffered actual prejudice as a result of the delay and whether the government engaged in prosecutorial misconduct that must be deterred to ensure compliance with the Act." *Stevenson*, 2016 WL 4191134, at \*6 (quoting *United States v. Howard*, 218 F.3d 556, 562 (6th Cir. 2000) (internal citation and quotation marks omitted). "The third factor makes clear the flexible, balancing approach required under § 3162(a)(1). In addition, it provides authority for

considering such aggravating and mitigating factors as the length of the delay and the prejudice to the defendant." *United States v. Godoy*, 821 F.2d 1498, 1506 (11th Cir. 1987). Here, the relatively short delay of just twenty-four days past the seventy-day period mitigates any prejudice Defendant may suffer from the delay, as it is highly unlikely that any witnesses or evidence in Defendant's favor will have been lost during that time, or that the delay will "undermine[] his 'ability to prepare for trial.'" *Stevenson*, 2016 WL 4191134, at *6 (quoting *United States v. Hernandez*, 863 F.2d 239, 244 (2d Cir. 1988)). Furthermore, as stated above, the alleged crimes are very serious in nature, and as such the "administration of justice would be harmed if reprosecution were barred." *Id.* (quoting *United States v. Hamell*, 3 F.3d 1187, 1189 (8th Cir. 1993)). Based on these facts, the court finds that Defendant will not suffer any prejudice, and the short delay coupled with the Government's unintentional conduct cause the third factor to weigh in favor of dismissal without prejudice.

### III. Conclusion

The court finds that all three of the relevant statutory factors as discussed above weigh in favor of dismissal without prejudice, and the court will grant the Defendant's motion in that respect. "There are cases in which the Speedy Trial Act violation is so substantial, the motive so inappropriate, or the resultant

prejudice so great that it would be an abuse of discretion for a district court to fail to dismiss an indictment with prejudice. This case is not one of them." *Id*. at *7.

An appropriate order will issue.

                                                      s/Sylvia H. Rambo
                                                      SYLVIA H. RAMBO
                                                      United States District Judge

Dated: August 29, 2016